UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PATRICIA KANE-LEE, )
)
Petitioner, )
)
v. ) Case No. 5:20-cv-36
)
WARDEN OF RIKERS ISLAND, )
)
Respondent. )

## ORDER OF DISMISSAL

In January 2020, Petitioner Patricia Kane-Lee, representing herself, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. (Doc. 2.) On March 5, the Petition was transferred to this court under 28 U.S.C. § 1404(a). (Doc. 3.) Following a March 20 Order to Show Cause and a May 11 Report and Recommendation issued by United States Magistrate Judge John Conroy (Docs. 5, 7), this court ordered Petitioner to (1) provide in writing an accurate and current address to the Clerk of Court and (2) show cause why her Petition should not be dismissed as moot by August 4, 2020. (Doc. 9.) Petitioner was warned that her failure to respond would result in dismissal of the case under Federal Rule of Civil Procedure 41(b). (*Id.* at 2.)

To date, no further filings have been received. The Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself either in an action lying dormant with no

significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which the court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). In addition, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]"). Here, Petitioner has not responded to the court's orders or advised the court of a new mailing address. The March 20 Show Cause Order, May 11 Report and Recommendation, and July 14 Order provided Petitioner with multiple opportunities to respond to the court. She failed to respond. In such circumstances, the court is entitled to treat Petitioner's lack of response as a failure to prosecute.

Because Petitioner failed to keep the court informed of her current address or comply with the court's Orders, and generally failed to prosecute her petition, this case is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Dated at Rutland, in the District of Vermont, this 14th day of August 2020.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court